## IN THE UNITED STATES DISTRICT COURT
### FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No.  18-CR-00245-CVE |
| | ) | |
| ROBERT W. ZEIDLER. | ) | |
| a/k/a "Rob Z," | ) | |
| | ) | |
| Defendant. | ) | |

## PLEA AGREEMENT PURSUANT TO
### FEDERAL RULE OF CRIMINAL PROCEDURE 11(c)(1)(C)

The United States of America, by and through Clinton Johnson, Acting United States Attorney for the Northern District of Oklahoma, and Dennis A. Fries, Assistant United States Attorney, and the defendant, **ROBERT W. ZEIDLER** in person and through counsel, Edward Lindsey, respectfully inform the Court that they have reached the following plea agreement, pursuant to Fed. R. Crim. P. 11(c)(1)(C).

1.    <u>Plea</u>

The defendant agrees to enter voluntary pleas of guilty to the following:

**COUNT 1:**  18 U.S.C. § 1926(d) – Conspiracy to Participate in a Racketeering Enterprise; and

**COUNT 2:**  21 U.S.C. §§ 846 and 841(b)(1)(A)(viii) – Drug Conspiracy.

as set forth in the Indictment in the instant case, Northern District of Oklahoma,  and admits to being in fact guilty as charged in the counts to which the defendant is pleading guilty.

Revised 02-28-20 (11c1C)

<u>Defendant's Initials</u>

## 2.    Waiver of Constitutional Rights

The defendant understands that, by pleading guilty, the following constitutional rights will be relinquished:

a.    the right to be indicted if proceeding by Information;

b.    the right to plead not guilty;

c.    the right to be tried by a jury, or, if the defendant wishes and with the consent of the Government, to be tried by a judge;

d.    at trial, the defendant has the right to an attorney, and if defendant could not afford an attorney, the Court would appoint one to represent the defendant;

e.    the defendant has the right to assist in the selection of the jury;

f.    during trial, the defendant would be presumed innocent, and a jury would be instructed that the Government has the burden to prove the defendant guilty beyond a reasonable doubt and by a unanimous verdict;

g.    the defendant has the right to confront and cross-examine witnesses against the defendant;

h.    if desired, the defendant could testify on the defendant's own behalf and present witnesses in the defendant's defense;

i.    if the defendant did not wish to testify, that fact could not be used against the defendant, and a jury would be so instructed;

j.    if the defendant were found guilty after a trial, the defendant would have the right to appeal that verdict to determine if any errors had been committed during trial that would require either a new trial or a dismissal of the charges; and

k.    at trial, the defendant would be entitled to have a jury determine beyond a reasonable doubt any facts which may have the effect of increasing the defendant's mandatory minimum or maximum sentence.

Revised 02-28-20

Defendant's Initials

l.       any rights and defenses defendant may have under the Excessive Fines Clause of the Eighth Amendment to the United States Constitution to the forfeiture of property in this proceeding or any related civil proceeding, special or other assessment, and any order of restitution.

By pleading guilty, the defendant will be giving up all of these rights.  By pleading guilty, the defendant understands that the defendant may have to answer questions posed to defendant by the Court, both about the rights that the defendant will be giving up and the factual basis for the defendant's plea.

**3.       Appellate and Post-Conviction Waiver**

In consideration of the promises and concessions made by the United States in this plea agreement, the defendant knowingly and voluntarily agrees to the following terms:

a.       The defendant waives the right to directly appeal the conviction and sentence pursuant to 28 U.S.C. § 1291 and/or 18 U.S.C. § 3742(a); except that the defendant reserves the right to appeal from a sentence that exceeds the statutory maximum
b.       The defendant expressly acknowledges and agrees that the United States reserves all rights to appeal the defendant's sentence as set forth in 18 U.S.C. § 3742(b), and *U.S. v. Booker*, 543 U.S. 220 (2005); and
c.       The defendant waives the right to collaterally attack the conviction and sentence pursuant to 28 U.S.C. § 2255, including any assessment, forfeiture, restitution order, the length of term of supervised release and any condition of supervised release, except for claims of ineffective assistance of counsel.

The defendant expressly acknowledges that counsel has explained his appellate and post-conviction rights; that the defendant understands his rights; and that the defendant knowingly and voluntarily waives those rights as set forth above.

_____
**ROBERT W. ZEIDLER**

Revised 02-28-20

_____
Defendant's Initials

4.     **Departure and Variance Waiver**

In consideration of the promises and concessions made by the United States in this

plea agreement, the defendant knowingly and voluntarily agrees to the following:

a.     the defendant agrees not to request, recommend, or file a motion seeking a
departure from the Guidelines range; and

b.     the defendant agrees not to request, recommend, or file a motion seeking a
variance below the Guidelines range pursuant to the § 3553(a) factors.

5.     **Freedom of Information Act Waiver**

The defendant waives all rights, whether asserted directly or by a representative, to

request or to receive from any department or agency of the United States any records

pertaining to the investigation or prosecution of this case including, without limitation, any

records that may be sought under the Freedom of Information Act, 5 U.S.C. § 552, or the

Privacy Act of 1974, 5 U.S.C. § 552a.

6.     **Rule 11 Rights Waiver**

The defendant knowingly and expressly waives all of the rights afforded defendant

pursuant to the provisions of Rule 11(f) of the Federal Rules of Criminal Procedure.  In

other words, after entry of a plea made pursuant to this plea agreement, and in consideration

thereof, the following shall be admissible against the defendant:

a.     A plea of guilty which is later withdrawn or which the defendant seeks to
withdraw, unless done pursuant to Fed. R. Crim. P. 11(c)(1)(C);

b.     Any statement made in the course of any proceeding under Rule 11 regarding
said plea of guilty;

Defendant's Initials

c.      Any statement made in the course of plea discussions with an attorney or agent for the Government, or which were made pursuant to a proffer letter agreement, which result in a plea of guilty later withdrawn, unless done pursuant to Fed. R. Crim. P. 11(c)(1)(C).

### 7.   <u>Waiver of Right to Jury Trial on Sentencing Factors</u>

The defendant, by entering this plea, also waives the right to have facts that determine the offense level under the Sentencing Guidelines (including facts that support any specific offense characteristic or other enhancement or adjustment) (1) charged in the Indictment, (2) proven to a jury, or (3) proven beyond a reasonable doubt.  The defendant explicitly consents to have the sentence based on facts to be established by a preponderance of the evidence before the sentencing judge pursuant to *United States v. Crockett*, 435 F.3d 1305 (10th Cir. 2006), and *United States v. Magallanez*, 408 F.3d 672 (10th Cir. 2005), and to allow the Court to consider any reliable evidence without regard to its admissibility at trial.  The defendant explicitly acknowledges that his plea to the charged offenses authorizes the Court to impose any sentence up to and including the maximum sentence set forth in the United States Code.  The defendant also waives all challenges to the constitutionality of the Sentencing Guidelines.

### 8.   <u>Payment of Monetary Penalties</u>

The defendant understands that the Court may impose a fine pursuant to the Sentencing Guidelines.  The defendant agrees, as a part of this agreement, to submit to interviews by the United States Attorney's Financial Litigation Unit regarding the defendant's financial status, and to complete and submit a financial statement, under oath,

Revised 02-28-20

Defendant's Initials

not later than two weeks after the date of this plea agreement. The defendant understands that, by law, interest accrues on any remaining balance of the debt.

That monetary penalties imposed by the Court will be (i) subject to immediate enforcement as provided for in 18 U.S.C. Section 3613, and (ii) submitted to the Treasury Offset Program so that any federal payment or transfer of returned property the defendant receives may be offset and applied to federal debts but will not affect the periodic payment schedule.

### 9.   Factual Basis and Elements

The elements that the United States must prove beyond a reasonable doubt in order to convict under **18 U.S.C. § 1962(d) – Conspiracy to Participate in a Racketeering Enterprise** are as follows:

First: A conspiracy or agreement, as detailed in the indictment, existed between two or more persons to participate in the affairs of an enterprise, that affected interstate commerce through a pattern of racketeering activity;

Second: that defendant deliberately joined or became a member of the conspiracy or agreement with knowledge of its purpose; and

Third: the defendant agreed that someone, not necessarily the defendant, would commit at least two of the racketeering acts detailed in the indictment.

U.S. v. Harris 695 F.3d 1125, 1131 (10th Cir. 2012)

The elements that the United States must prove beyond a reasonable doubt in order to convict under **21 U.S.C. §846 – Conspiracy to Commit a Title 21 Offense** are as follows:

1.    Two or more persons agreed to violate the Federal Drug laws;

2.    The defendant knew the essential objective of the conspiracy;

Revised 02-28-20

_____
Defendant's Initials

3.      The defendant knowingly and voluntarily involved himself in the conspiracy;

4.      There was interdependence among the members of the conspiracy; and

5.      The overall scope of the conspiracy involved in excess of 500 grams of a
        substance containing a detectable amount of methamphetamine.

In regard to the factual basis required by Federal Rule of Criminal Procedure

11(b)(3), the defendant agrees and stipulates that there is a factual basis for the plea of

guilty and relieves the United States of any further obligation to adduce such evidence.

The defendant, **ROBERT W. ZEIDLER**, admits knowingly, willfully and
intentionally committing or causing to be committed the acts constituting the crimes
alleged in Counts 1 and 2 in the instant case, and confesses to the Court that the defendant
is, in fact, guilty of such crimes. From in or about 2005 continuing through in or about
December 2018, in the Northern District of Oklahoma and elsewhere, I was a member of
the enterprise referenced in indictment number 18-CR-245. The enterprise referenced in
indictment number 18-CR-245 did engage in, or its activities in some way affected,
interstate commerce. As a member I did knowingly and intentionally conspire and agree
with other known members and associates, referenced in indictment number 18-CR-245,
to conduct and participate, directly and indirectly, in the conduct of the affairs of the
enterprise through a pattern of racketeering activity, as defined in Title 18, United States
Code, Sections 1961(1) and (5), consisting of acts involving murder, kidnapping, and
robbery in violation of Oklahoma state law; and acts indictable under federal law for drug
trafficking and conspiracy to commit drug trafficking, using a communication facility to
facilitate a drug transaction, and money laundering.

As a member of enterprise referenced in indictment number 18-CR-245, I agreed that
members or associates of the enterprise referenced in indictment number 18-CR-245 would
commit at least two acts of racketeering activity in the conduct of the affairs of the
enterprise, including acts of murder (including attempt and conspiracy), kidnapping
(including attempt and conspiracy), robbery (including attempt and conspiracy),
possession with intent to distribute and distribution of controlled substances (including
conspiracy), use of a communication facility to facilitate a drug transaction, and money
laundering on behalf of the enterprise referenced in indictment number 18-CR-245. The
conduct for which I was personally responsible either as a principal actor or as an aider and
abettor included the following:

On various dates, including August 1, September 19, and September 27,
2013, I directed other members and associates of the enterprise referenced in

Revised 02-28-20

Defendant's Initials

indictment number 18-CR-45 to deliver several pounds of methamphetamine for the benefit of the enterprise.

As a co-conspirator in multiple drug dealing crimes, I knowingly and willfully agreed with others to possess with the intent to distribute and to distribute in excess of 500 grams of a mixture and substance containing a detectable amount of methamphetamine, a Schedule II controlled substance.

_____          _12 - 7 - 21_
**ROBERT W. ZEIDLER**                     Date
Defendant

## 10.   Further Prosecution

The United States shall not initiate additional criminal charges against the defendant in the Northern District of Oklahoma that, as of the date of the defendant's acceptance of this agreement, arise from its investigation of the defendant's actions and conduct giving rise to the instant Indictment, save and except crimes of violence and criminal acts involving violations investigated by the United States Internal Revenue Service. The defendant understands, however, that this obligation is subject to all "Limitations" set forth below, and that the United States Attorney's Office for the Northern District of Oklahoma is free to prosecute the defendant for any illegal conduct (*i.e.*, violation of federal criminal laws) not discovered by or revealed to the Government during its investigation or occurring after the date of this agreement.

### Dismissal of Remaining Counts

Revised 02-28-20

8

Defendant's Initials

If the Court finds the defendant's pleas of guilty to be freely and voluntarily made and accepts the pleas, then the United States will move, at the appropriate time, to dismiss the remaining counts in the instant case, if any, as to this defendant.

Except as provided in Fed. R. Crim. P. 11(c)(1)(C), if the defendant's guilty pleas are rejected, withdrawn, vacated, or reversed at any time, the United States will be free to prosecute the defendant for all charges of which it then has knowledge, and any charges that have been dismissed will be automatically reinstated or may be re-presented to a grand jury with jurisdiction over the matter.  In such event, the defendant hereby waives any objections, motions or defenses based upon the applicable statute of limitations, the Speedy Trial Act, or constitutional restrictions as to the time of bringing such charges.

## 11.  Acceptance of Responsibility

Provided the defendant clearly demonstrates acceptance of responsibility, the United States agrees to recommend a two-level reduction in offense level pursuant to U.S.S.G. § 3E1.1.  The United States agrees to file a motion recommending that the defendant receive an additional one-level reduction pursuant to U.S.S.G. § 3E1.1(b) if the defendant is otherwise eligible therefore.  The sentencing judge is in a unique position to evaluate the acceptance of responsibility, and the Court's determination will provide the final approval or disapproval of any Section 3E1.1 point level reduction for timely acceptance of responsibility.

The obligations of the Government herein, relative to acceptance of responsibility are contingent upon the defendant's continuing manifestation of acceptance of

Revised 02-28-20

9

Defendant's Initials

responsibility as determined by the United States. If the defendant falsely denies, or makes conflicting statements as to, his involvement in the crimes to which he is pleading, falsely denies or frivolously contests relevant conduct that the Court determines to be true, willfully obstructs, or attempts to obstruct or impede the administration of justice as defined in U.S.S.G. § 3C1.1, or perpetrates or attempts to perpetrate crimes while awaiting sentencing, or advances false or frivolous issues in mitigation, the United States expressly reserves the right to withdraw any recommendation regarding acceptance of responsibility without breaching the agreement.

12.   **Sentence**

a.   **Imprisonment**

The defendant acknowledges that under;

i.   18 U.SC. § 1962(d) the maximum statutory sentence is life imprisonment, and or fine of not more than $250,000 [or twice the pecuniary gain/loss caused by the defendant's acts].

ii.   21 U.S.C. §§ 846 and 841(b)(1)(A)(viii) the minimum mandatory statutory sentence is 10 years imprisonment, the maximum statutory sentence is life imprisonment, and or a fine of not more than $10,000,000 [or twice the pecuniary gain/loss caused by the defendant's acts].

13.   **Supervised Release**

Additionally, the defendant is aware, if imprisonment is imposed, that the Court shall include as part of the sentence a requirement that the defendant be placed on a term

Revised 02-28-20

Defendant's Initials

of supervised release after imprisonment of up to five years on count one and at least five years on count two.

If the term of supervised release for any count of conviction is revoked, the defendant may be imprisoned for an additional term not to exceed the term of imprisonment authorized in 18 U.S.C. § 3583(e)(3) for the offense of conviction, with no credit being given for any time served while on supervised release. Further, the Court may impose another term of supervised release following any term of imprisonment imposed for a violation of supervised release conditions, and this term of supervised release may not exceed the term of supervised release originally authorized by statute for the offense of conviction less any term of imprisonment that was imposed upon revocation of supervised release (18 U.S.C. § 3583(e) and (h)). If a second or subsequent term of supervised release is revoked, the Court may impose another term of imprisonment not to exceed the difference between any imprisonment imposed for a prior revocation of supervised release for the offense of conviction and the term of imprisonment authorized pursuant to 18 U.S.C. § 3583(e)(3). Accordingly, the original term of imprisonment when combined with any term of imprisonment arising from revocations of supervised release, may result in a total amount of imprisonment greater than the statutory maximum term for the offense of conviction.

14.   **Guidelines**

The defendant is aware that the Sentencing Guidelines promulgated pursuant to the Sentencing Reform Act of 1984 at 18 U.S.C. § 3551 through § 3742, and 28 U.S.C. § 991

Defendant's Initials

through § 998, are advisory. The district courts, while not bound to apply the Sentencing Guidelines, must consult those Guidelines and take them into account when sentencing. See 18 U.S.C.A. § 3553(a). The sentence imposed in federal court is without parole.

Nothing in this plea agreement, save and except any stipulations contained herein, limits the right of the United States to present to the Court or Probation Office, either orally or in writing, any and all facts and arguments relevant to the defendant's sentence that are available to the United States at the time of sentencing. The defendant acknowledges hereby that relevant conduct, that is, conduct charged in any dismissed count and all other uncharged related criminal activities, will be used in the Sentencing Guidelines calculation. The United States reserves its full opportunity to speak pursuant to Rule 32(i)(4)(A)(iii) of the Federal Rules of Criminal Procedure. The defendant further understands that the sentence to be imposed upon the defendant will be determined solely by the sentencing judge.

15.   **Stipulations**

The defendant and the United States stipulate and agree as follows:

a.      Pursuant to Fed. R. Crim. P. 11(c)(1)(C), the appropriate disposition in this case is a sentence of twenty-two years imprisonment. This stipulated sentence departs from the anticipated guideline calculation for the violations to which the defendant is pleading guilty. The parties have considered various factors in fashioning this sentence, including the defendant's acceptance of responsibility, the strength of the evidence, judicial economy, and the interests of justice and credit for time served while awaiting trial in this

Defendant's Initials

matter.  For these reasons, a sentence of twenty-two years meets the sentencing goals for this this type of case and this defendant.  The parties agree upon this sentence regardless of any advisory Sentencing Guidelines calculations.

      b.      The parties agree that the defendant may withdraw his plea of guilty in the event that the Court rejects the plea agreement.

      c.      Having been fully apprised by defense counsel of defendant's right to seek compensation pursuant to Public Law 105-119, the defendant **WAIVES** any and all such right, and stipulates that defendant is not a "prevailing party" in connection with this case.

### 16.   <u>Limitations</u>

This plea agreement shall be binding and enforceable upon the Office of the United States Attorney for the Northern District of Oklahoma,  but in no way limits, binds or otherwise affects the rights, powers, duties or obligations of any state or local law enforcement agency, administrative or regulatory authorities, civil or administrative enforcement, collection, bankruptcy, adversary proceedings or suits which have been or may be filed by any governmental entity, including without limitation, the Internal Revenue Service, the Tax Division of the Department of Justice and the trustee in bankruptcy.

### 17.   <u>Breach of Agreement</u>

In the event either party believes the other has failed to fulfill any obligations under this agreement, then the complaining party shall, in its discretion, have the option of petitioning the Court to be relieved of its obligations herein.  Whether or not a party has

Revised 02-28-20

13

Defendant's Initials

completely fulfilled all of its obligations under this agreement shall be determined by the Court in an appropriate proceeding at which any disclosures and documents provided by either party shall be admissible and at which the complaining party shall be required to establish any breach by a preponderance of the evidence. The defendant hereby **WAIVES** any right under Rule 11(d) and (e) of the Federal Rules of Criminal Procedure to withdraw from defendant's plea and this agreement, save and except under circumstances where the Court rejects the plea agreement under Rule 11(c)(5), except for the limited reasons outlined above in this paragraph, and except as provided in Fed. R. Crim. P. 11(c)(1)(C).

Except as provided in Fed. R. Crim. P. 11(c)(1)(C), in the event that **ROBERT W. ZEIDLER** after entry of a plea of guilty, unsuccessfully attempts to withdraw the defendant's plea of guilty, the United States may continue to enforce the agreement but will no longer be bound by any particular provision in this agreement. This provision will not have any continued vitality if it is determined by the Court that the United States acted in bad faith to bring about the attempted withdrawal of plea.

18.   **Conclusion**

No agreements, representations or understandings have been made between the parties in this case, other than those which are explicitly set forth in this plea agreement and the Plea Agreement Supplement that the United States will file in this case  (as is routinely done in every case, even though there may or may not be any additional terms) and none will be entered into unless executed in writing and signed by all of the parties.

SO AGREED:

14

Revised 02-28-20

Defendant's Initials

**CLINTON JOHNSON**
ACTING UNITED STATES ATTORNEY

_____        12/7/21
**DENNIS A. FRIES**                     _____
Assistant United States Attorney        Dated


_____        12/7/21
**EDWARD LINDSEY**                      _____
Attorney for Defendant                  Dated


_____        12-7-21
**ROBERT W. ZEIDLER**                   _____
Defendant                               Dated


15

_____
Defendant's Initials

I have read this agreement and carefully reviewed every part of it with my attorney. I understand it, and I voluntarily agree to it. Further, I have consulted with my attorney and fully understand my rights with respect to sentencing which may apply to my case. No other promises or inducements have been made to me, other than those contained in this pleading. In addition, no one has threatened or forced me in any way to enter into this agreement. Finally, I am satisfied with the representation of my attorney in this matter.

**ROBERT W. ZEIDLER**
Defendant

12-7-21
Dated

I am counsel for the defendant in this case. I have fully explained to the defendant the defendant's rights with respect to the pending Indictment. Further, I have reviewed the provisions of the <u>Sentencing Guidelines and Policy Statements</u> and I have fully explained to the defendant the provisions of those Guidelines which may apply in this case. I have carefully reviewed every part of this plea agreement with the defendant. To my knowledge, the defendant's decision to enter into this agreement is an informed and voluntary one.

**EDWARD W. LINDSEY**
Counsel for the Defendant

12/7/21
Dated

16

Revised 02-28-20

Defendant's Initials